**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ARCHIE L. HIGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 05 C 3547 |
| v. | ) |
| | ) Judge John W. Darrah |
| CHICAGO WATER DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Archie L. High, filed suit, *pro se*, against Defendant, the Chicago Water Department, alleging a race discrimination violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. §§ 1981 and 1983, and age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623, *et seq.* Presently pending before the Court is Defendant's Partial Motion to Dismiss.

A reading of Plaintiff's Charge of Discrimination and Complaint supports the following summary of the alleged conduct of the parties.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on March 25, 2005. Plaintiff's charge alleged that he was employed with the Chicago Water Department since March 1974. In June 2004, Plaintiff applied for the position of a Construction Labor Foreman. On December 21, 2004, Plaintiff learned that the seven foreman positions had been filled with other individuals. The individuals chosen had less service than Plaintiff, were younger than Plaintiff, and most were non African-American. The Charge of Discrimination states that the earliest date of discrimination took place "06-02-2004" and the latest discrimination took place "12-21-2004." On June 17, 2005, Plaintiff received a right-to-sue letter.

On June 17, 2005, Plaintiff filed the instant Complaint. Plaintiff's Complaint was drafted *pro se* on the court's "Complaint of Employment Discrimination" form. On the form complaint, Plaintiff indicated that the Defendant discriminated against the Plaintiff on or about September 15, 1983. The allegations summarized above are included in the Complaint. The Complaint does not contain any allegations pertaining to a date prior to June 2, 2004, when Plaintiff applied for the foreman position. Plaintiff remains employed by the Defendant.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exception found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002) (*Swierkiewicz*); *Walker v. Thompson*, 288 F.3d 761, 764 (7th Cir. 2002). A filing under Federal Rules of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain," and it suffices if it notifies the defendant of the principal events. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). If there are no set of facts that would entitle the plaintiff to relief, dismissal is warranted. *See Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005) (*Stachowski*). Furthermore, *pro se* complaints are liberally construed "and [are] not held to the stringent standards expected of pleadings drafted by lawyers." *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir.2000).

Defendant argues that the City of Chicago's Department of Water Management should be dismissed as a party defendant because it is not a proper defendant as it does not exist separately from the City of Chicago. Instead, the City of Chicago should be substituted as the proper Defendant. *See Bonilla v. City Council of the City of Chicago*, 809 F. Supp. 590, 601 (N.D. Ill. 1992); *Dr. Martin Luther King, Jr. Movement, Inc. v. City of Chicago*, 435 F. Supp. 1289, 1294 (N.D. Ill. 1977). The Chicago Water Management is dismissed with prejudice as a non-suable entity, and the City of Chicago is substituted as the proper Defendant.[1]

Defendant also argues that Plaintiff's Sections 1981 and 1983 claims should be dismissed because Plaintiff failed to plead a constitutional injury resulting from a municipal policy.

A local governmental entity is liable for damages under Sections 1981 and 1983 only if a plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978). Unconstitutional policies or customs can take three forms: an express policy that, when enforced, causes a constitutional deprivation; a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or an allegation that the constitutional injury was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir.2000).

Here, Plaintiff alleges that he was passed over for a promotion because of his race and age. Whether his failure to obtain the promotion was because of a widespread practice or caused by a person with final policy-making authority cannot be determined at the present stage of the case.

---

[1]The Motion to Dismiss was filed by the City of Chicago in light of Plaintiff's naming the incorrect Defendant.

Defendant is not entitled to dismissal on this basis. *See Swierkiewicz*, 534 U.S. at 511 (plaintiff need not plead facts or elements of the claim); *Johnson v. Sheahan*, 2005 WL 2739183 (N.D. Ill. Oct. 24, 2005) (denying dismissal of Section 1983 claim for failure to plead *Monell* elements).

Defendant also seeks dismissal of any alleged discriminatory acts that fall outside the applicable statute of limitations: (1) four years for the Section 1981 claims, *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383-84 (2004); (2) two years for the Section 1983 claims, *Licari v. City of Chicago*, 298 F.3d 664, 667-68 (7th Cir. 2002); and (3) three hundred days prior to the filing of the EEOC charge for the Title VII claims, *Filipovic v. K & R Express Sys., Inc.*, 176 F.3d 390, 396 (7th Cir. 1999).

Plaintiff's present Complaint does not contain any alleged discriminatory acts outside the applicable limitations period. While Plaintiff filled in the date of September 15, 1983, in one section of the form complaint, all of the alleged conduct pertains to Plaintiff's applying for the promotion in June 2004 and the denial of that promotion in December 2004. Accordingly, there are no discriminatory acts pled to dismiss at this time that fall outside the applicable limitations period.

Lastly, Defendant seeks to strike Plaintiff's request for punitive damages.

As codified, Title VII permits a plaintiff to recover punitive damages "against a respondent *(other than a government, government agency or political subdivision)* . . . ." 42 U.S.C. § 1981a(b)(1) (emphasis added); *See Baker v. Runyon*, 114 F.3d 668, 671 (7th Cir. 1997) (holding that punitive damages in Title VII cases are unavailable against government agencies). In addition, a municipality is immune from punitive damages in a 42 U.S.C. § 1981 or § 1983 action. *See Newport v. Facts Concerts, Inc.*, 453 U.S. 247, 271 (1981) (precluding punitive damages against a municipality under § 1983); *Bell v. City of Milwaukee*, 746 F.2d 1205, 1270 (7th Cir.1984),

*overruled on other grounds, Russ v. Watts*, 414 F.3d 783, 791 (7th Cir.2005) (precluding punitive damages against a municipality under § 1981). Accordingly, Plaintiff's request for punitive damages is stricken.

For the foregoing reasons, Defendant's Partial Motion to Dismiss is granted in part and denied in part. The City of Chicago is substituted as Defendant, and the Chicago Water Management is dismissed. Plaintiff's request for punitive damages is stricken.

Dated: _December 16, 2005_

JOHN W. DARRAH
United States District Judge